IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER WRIGHT | : |
| 302 Copper Hill Drive | : |
| Cary, North Carolina 27511 | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No: |
| | : |
| METROPOLITAN LIFE INSURANCE | : |
| COMPANY d/b/a METLIFE DISABILITY | : |
| | : |
| SERVE:     Resident Agent | : |
|                   CT Corporation System | : |
|                   1015 15th St., N.W., Ste. 1000 | : |
|                   Washington, DC 20005 | : |
| | : |
| and | : |
| | : |
| BEARINGPOINT, INC. LONG TERM | : |
| DISABILITY PLAN, | : |
| | : |
| SERVE: | : |
|      Gary Carson | : |
|      Human Resources Legal Counsel | : |
|      BearingPoint International Headquarters | : |
|      1676 International Dr. | : |
|      McLean, VA 22102 | : |
| | : |
| Defendants. | : |

## COMPLAINT

1. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

2. This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do

business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.  This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

## Parties

5.  Plaintiff is an adult resident of Cary, North Carolina.

6.  Plaintiff was a plan participant under a group benefits plan established by Bearingpoint, Inc. (Previously known as KPMG Consulting, Inc. and hereinafter referred to as "Bearingpoint.").

7.  Bearingpoint, Inc. contracted with Metropolitan Life Insurance Company d/b/a MetLife Disability (Hereinafter, "Metlife") as the insurer for the plan.

## The Disability Contract

8.  MetLife as plan administrator and insurer has made all of the decisions regarding plaintiff's claim for disability benefits in this case.

9.  The plan promises to pay benefits if an employee is disabled.

10. Disability in the plan is defined as follows and includes the following

subdefinitions for payment of disability benefits due to sickness or accidental injury:

- for 36 months following the elimination period you are not able to perform, for wage or profit, the material and substantial duties of your occupation;

- after 36 months you are not able to perform, for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience;

- you are not working at any job for wage or profit unless in an approved work incentive/return to work program; and

- you are under the regular care of a doctor.

Benefits are limited to 24 months if the employee's disability is due to neuromuscular disorder as follows:

- Neuromusculoskeletal and soft tissue disorder including, but not limited to, any disease or disorder of the spine or extremities and their surrounding soft tissue: including sprains and strains of joints and adjacent muscles, unless the Disability has objective evidence of:

    a. seropositive arthritis;
    b. spinal tumors, malignancy, or vascular malformations;
    c. radiculopathies;
    d. myelopathies;
    e. traumatic spinal cord necrosis; or
    f. musculopathies.

### Plaintiff's Disability Claim

11. Plaintiff suffers from rheumatoid arthritis among other conditions.

12. Plaintiff was an employee at Bearingpoint, Inc. serving as a Manager at the time when he became disabled on January 3, 2002.

13. Plaintiff's was short term disability benefits followed by approval of long term disability benefits on August 23, 2002.

14. Plaintiff's benefits were "withdrawn" and benefit payments terminated on

October 29, 2003 by letter dated November 14, 2003, stating that she was no longer qualified for benefits.

15.    Metlife "closed" Plaintiff's file on December 8, 2004 due to the failure of his medical providers to return information timely as requested by Metlife.

16.    Plaintiff's first counsel appealed this denial in a timely manner and presented additional documentation in support of the disability claim.

17.    MetLife issued a response on January 19, 2005, stating that benefits would be paid only until January 10, 2005.

18.    Plaintiff's first counsel submitted a timely appeal including even more documentation in support of the claim.

19.    MetLife denied the claim again on June 23, 2005, including new documentation in the form of a physician review which was not produced to Plaintiff's counsel prior to rendering the denial decision, stating that there was "no objective support for seropostive arthritis."

20.    Plaintiff obtained the present counsel and a new appeal was filed on February 5, 2007 which additional medical reporting and literature demonstrating that objective evidence of seropositive arthritis had been submitted in accordance with the policy terms.

21.    Metlife denied the appeal again on May 11, 2007, maintaining it had authority to interpret plan terms and that claim remained denied under the limitations exclusion of 24 month payment for "nonseropositive" arthritis.

22. With this final denial, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

23. Plaintiff is entitled to these benefits under the plan since she has:

   A. Satisfied all conditions to be eligible under the plan; and

   B. Has not waived or otherwise relinquished his entitlement to these benefits.

24. Prior to appealing the claim denial, Plaintiff's counsel set a request for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

25. Metlife failed to produce the documentation requested.

## Requested Relief

26. Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

27. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

28. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of Metlife to produce the documents requested.

29. Any such other relief the Court may deem just and proper.

       Respectfully submitted,


       _____
       Scott B. Elkind, Bar 43881
       Elkind & Shea
       801 Roeder Rd., Ste. 550
       Silver Spring, MD 20910
       P: (301) 495-6665
       F: (301) 565-5111
       Attorney for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Peter Wright

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott B. Elkind
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
(301) 495-6665

## DEFENDANTS
Metropolitan Life Insurance Company
Bearingpoint Long Term Disability Plan

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 USC 1001, 502, 1132

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ benefits   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 10/4/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.