IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER WRIGHT, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY | : | Civil Action No. 1:07-cv-01808 RBW |
| | : | |
| and | : | |
| | : | |
| BEARINGPOINT, INC. LONG TERM DISABILITY PLAN, | : | |
| | : | |
| Defendants | : | |

## **DEFENDANTS' JOINT ANSWER**

Defendants Metropolitan Life Insurance Company ("MetLife") and BearingPoint, Inc. Long Term Disability Plan ("the Plan") (collectively referred to as Defendants), through undersigned counsel, do hereby answer the Complaint of Plaintiff Peter Wright as follows.

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent any further response is required, Paragraph 1 is denied.

2. Defendants admit that the Court has subject matter jurisdiction over the matters raised in the Complaint. Except as specifically admitted, denied.

3. Defendants admit that venue is proper in this Court and that the Court has personal jurisdiction over the Defendants for the matters raised in the Complaint. Except as specifically admitted, denied.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent any further response is required, Paragraph 4 is denied

## PARTIES

5. Admitted.

6. Defendants admit that Plaintiff was a participant in the Plan, which was sponsored by BearingPoint, Inc. Except as specifically admitted, denied.

7. Defendants admit that MetLife was the Claim Administrator and a funding source for the Plan. Except as specifically admitted denied.

## THE DISABILITY CONTRACT

8. Defendants deny that MetLife was the Plan Administrator for the Plan. Defendants admit that as the Claim Administrator for the Plan, MetLife made the decisions regarding Plaintiff's eligibility for LTD benefits under the Plan. Except as specifically admitted, denied.

9. Defendants state that the Plan documents speak for themselves and deny Plaintiff's characterization thereof. Except as specifically admitted, denied.

10. Defendants state that the Plan documents speak for themselves and deny Plaintiff's characterization thereof. Except as specifically admitted, denied.

## PLAINTIFF'S DISABILITY CLAIM

11. Defendants admit that Plaintiff claims to have Rheumatoid Arthritis. Except as specifically admitted, denied.

12. Defendants admit that BearingPoint employed Plaintiff at the time he allegedly became disabled. Except as specifically admitted, denied.

13. Defendants admit that Plaintiff received short term disability benefits followed by a period of LTD benefits that were initially approved on or about August 23, 2002. Except as specifically admitted, denied.

14. Denied.

15. Admitted.

16. Defendants admit that Plaintiff, through counsel, appealed the termination of his LTD benefits. Except as specifically admitted, denied.

17. Defendants admit that MetLife responded to Plaintiff's appeal by letter on January 19, 2005. Defendants further state that this letter speaks for itself and deny Plaintiff's characterization thereof. Except as specifically admitted, denied.

18. Defendants admit that Plaintiff's former attorneys submitted an appeal of MetLife's January 19, 2005 decision. Except as specifically admitted, denied.

19. Defendants admit that Plaintiff was advised his appeal was denied by letter on June 23, 2005 and that the denial was based, in part, upon an independent physician review of his claim. Defendants further state that the June 23, 2005 letter speaks for itself and deny Plaintiff's characterization thereof. Except as specifically admitted, denied.

20. Defendants admit that Plaintiff's present attorneys submitted an additional appeal of MetLife's denial of Plaintiff's benefits claim on or about February 5, 2007. Except as specifically admitted, denied.

21. Defendants admit that MetLife performed an additional courtesy review of Plaintiff's benefit claim and that it denied that claim by a letter dated May 11, 2007. Except as specifically admitted, denied.

22. Defendants admit that Plaintiff has exhausted all of his administrative appeals under the Plan prior to filing suit. Except as specifically admitted, denied.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent any further response is required, Paragraph 23 is denied.

24. Defendants admit that Plaintiff's counsel submitted a request for claims file documentation. Defendants further state that the remainder of Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent any further response is required, Paragraph 24 is denied.

25. Defendants admit that MetLife did not provide the information requested by Plaintiff's counsel, but deny that MetLife was required to do so.

## REQUESTED RELIEF

26. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 26 of the Complaint.

27. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 27 of the Complaint.

28. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 28 of the Complaint.

29. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 29 of the Complaint.

Defendants further respond to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied, and with the following further defenses.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has received all of the LTD benefits to which he is entitled under the terms of the Plan.

**THIRD DEFENSE**

Defendants, as Plan fiduciaries, have discharged their duties with respect to the Plan in the interest of the Plan participants, and in so doing, Defendants have acted in accordance with the documents and instruments governing the Plan.

**FOURTH DEFENSE**

Plaintiff's claims are barred because MetLife, as the Claim Administrator, has the discretion and authority to interpret the terms of the Plan and its claims determination in this matter was not arbitrary, capricious, unreasonable, nor made in bad faith.

**FIFTH DEFENSE**

Plaintiff has failed to satisfy all conditions precedent to any claim for benefits in that he has, among other things, failed meet his burden under the terms of the Plan to submit sufficient proof of his alleged disability.

**SIXTH DEFENSE**

Plaintiff purports to state a cause of action relating to a claim for disability benefits under the Plan, which is an ERISA-regulated employee benefit plan. To the extent, if any, that Plaintiff's Complaint can be construed as asserting any other claims, Plaintiff's claims are preempted and otherwise barred by the applicable provisions of ERISA and other binding precedent.

**SEVENTH DEFENSE**

Under ERISA, Plaintiff is not entitled to compensatory, punitive, or other extracontractual damages. Instead, and assuming Plaintiff's claim prevails, his remedies are limited solely to those provided for by ERISA.

**EIGHTH DEFENSE**

Plaintiff has a duty to attempt to mitigate the damages he claims he suffered from the termination of his claim. He has made inadequate or no efforts to obtain alternative employment, when, in fact, he is physically and mentally capable thereof.

**NINTH DEFENSE**

Plaintiff's claim under 29 C.F.R. §2575.502c-1 is barred because MetLife is not required to provide any internal guidelines that were not relied upon in the adjudication of Plaintiff's claims.

**TENTH DEFENSE**

Plaintiff's claim is barred under 29 C.F.R. §2575.502c-1 because MetLife, as Claim Administrator, is not required to provide Plan documents to Plaintiff. MetLife instructed Plaintiff to request the applicable Plan documents from BearingPoint, the Plan Administrator.

**ELEVENTH DEFENSE**

Plaintiff's claim under 29 C.F.R. §2575.502c-1 is barred because MetLife provided all of the documents it was required to produce to Plaintiff, namely the administrative record.

**TWELFTH DEFENSE**

To the extent (and without admitting that) the Plaintiff was entitled to continuing benefits as of the date MetLife determined he was no longer entitled to benefits, such entitlement does not mean that the Plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

**THIRTEENTH DEFENSE**

If Plaintiff is entitled to any payment of benefits, which Defendant denies, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to him.

**FOURTEENTH DEFENSE**

Plaintiff is barred from asserting a claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) as he has standing to, and has in fact brought, a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

**FIFTEENTH DEFENSE**

Defendants reserve the right to assert and/or rely upon any other affirmative and/or further defenses throughout the course of discovery and to amend their Answer up to and including the time of trial.

WHEREFORE, Defendants, having answered Plaintiff's Complaint, respectfully request that the Court enter judgment in favor of Defendants, dismiss all claims against Defendants with prejudice, award Defendants their costs and reasonable attorneys' fees and allow Defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Robert R. Niccolini (Federal Bar No. MD24873)
Adam H. Garner (Federal Bar No. MD27648)
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this <u>13th</u> day of December 2007, a copy of the foregoing Joint Answer was electronically served upon Scott B. Elkind, Elkind & Shea, 801 Roeder Road, Suite 550, Silver Spring, Maryland 20910, attorneys for Plaintiff.

/s/
Adam H. Garner

\4894503.1